# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **HARVIE LAVERNE HARTLEY,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-18-811-G |
| | ) |
| **RICK WHITTEN, Warden,** | ) |
| | ) |
| Respondent.[1] | ) |

## ORDER

Harvie Laverne Hartley is an Oklahoma state prisoner who has petitioned this Court for a writ of habeas corpus under 28 U.S.C. § 2254. *See* Pet. (Doc. No. 1). Respondent has filed an Answer (Doc. No. 13), to which Petitioner did not reply. Having reviewed the parties' submissions, the state-court record, and the applicable law, the Court denies relief.

PROCEDURAL BACKGROUND

On July 20, 2012, Petitioner was tried and convicted in the District Court of Roger Mills County of trafficking in illegal drugs, distributing a controlled dangerous substance, possession of a firearm during the commission of a felony, unlawful use of a police radio, and possession of drug paraphernalia. *See* Pet. at 1; *State v. Hartley*, No. CF-2011-19 (Roger Mills Cty. Dist. Ct.); *State v. Hartley*, No. CF-2011-39 (Roger Mills Cty. Dist. Ct.);

---

[1] Rick Whitten, the current Warden at James Crabtree Correctional Center, is hereby substituted as Respondent pursuant to Rule 2(a) of the Rules Governing Section 2254 Cases in the United States District Courts and Rules 25(d) and 81(a)(4) of the Federal Rules of Civil Procedure.

*State v. Hartley*, No. CF-2011-40 (Roger Mills Cty. Dist. Ct.).[2]  Petitioner is currently serving his sentences at James Crabtree Correctional Center in Helena, Oklahoma.  *See* Pet. at 1.

Petitioner filed a direct appeal of his convictions, which the Oklahoma Court of Criminal Appeals ("OCCA") affirmed on May 22, 2014.  *See* OCCA Summ. Op. (Doc. No. 13-1).  On October 20, 2017, Petitioner filed an application for postconviction relief in the trial court asserting that "pursuant to the Oklahoma Post-Conviction Relief Act," he was entitled to an evidentiary hearing to present "newly discovered evidence"—namely, testimony from a previously unknown witness "tend[ing] to prove actual innocence." Pet'r's Postconviction Appl. (Doc. No. 13-2) at 5-6.  Petitioner alleged that in a letter dated September 28, 2017, this witness admitted to having placed a "purple bag" (later found to contain . . . 20 oz. of drugs among other drug paraphernalia" and subsequently used by the State to convict Petitioner) "in a pickup [Petitioner] was working on." *Id.* at 6, 9-10.

The state district court denied relief on February 1, 2018, stating:

> The state in its response convinces me that this "witness" was known to the defendant at [the] time of trial.  The witness's involvement was known to the state and they report that the information was given to the defendant.  I find it extremely unlikely that this witness's testimony could have any bearing on the outcome of this case.  The letter was received by defendant four and a half years after the jury trial.  Other independent evidence was presented in the jury trial by the state.

Trial Ct. Postconviction Order (Doc. No. 13-3) at 2.

---

[2] Dockets publicly available through http://www.oscn.net.

Petitioner appealed this disposition to the OCCA,[3] which on July 18, 2018, affirmed the denial of relief, stating:

> [T]he District Court stated its findings and conclusions that it is extremely unlikely that the alleged new evidence presented by Petitioner could have had any bearing on the outcome of this case. Petitioner doesn't analyze the alleged new evidence in relation to all of the other evidence presented at Petitioner's trial. Petitioner has thus not established that the evidence creates a genuine issue of material fact and has not established that the District Court abused its discretion.

*See* OCCA Postconviction Order (Doc. No. 13-5) at 3.

Petitioner filed the instant habeas action on August 22, 2018,[4] contending that "[he] was denied his right to a fair trial by not allowing him to present exculpatory evidence which was unavailable at the trial." Pet. at 5.

## ANALYSIS

Petitioner appears to conflate the federal constitutional right to a "fair trial" with the statutory right to a "new trial" under the Oklahoma Post-Conviction Relief Act. While Petitioner claims he was denied a "fair trial," the crux of his argument is that he was wrongfully denied an evidentiary hearing—and, as a possible result, a new trial—on his postconviction application in violation of title 22, section 1084 of the Oklahoma Statutes.[5] *See* Pet. at 5.

---

[3] On appeal to the OCCA, Petitioner maintained "that the trial court erroneously denied [him] an evidentiary hearing." Pet'r's Pet. in Error & Br. in Support (Doc. No. 13-4) at 2.

[4] Respondent concedes, and the record reflects, that the Petition was timely filed. *See* Answer at 2.

[5] Even if it had been raised, any claim by Petitioner of deprivation of his constitutional right to a fair trial in connection with the underlying criminal judgment would be subject to challenge due to lack of exhaustion in the state courts. *See* 28 U.S.C. § 2254(b); *Gray*

3

Under the Oklahoma Post-Conviction Relief Act, a trial court may adjudicate an application for postconviction relief "on the pleadings and record" if there is no material issue of fact and the court "is satisfied, on the basis of the application, the answer or motion of respondent, and the record, that the applicant is not entitled to post-conviction relief." Okla. Stat. tit. 22, § 1083(B). If, however, "there exists a material issue of fact," the court must "conduct an evidentiary hearing" "mak[ing] specific findings of fact, and stat[ing] expressly its conclusions of law." *Id.* § 1084. "If the court finds in favor of the applicant," it may order various forms of relief, including, as relevant here, a new trial. *Id.* § 1085.

In his postconviction application, Petitioner requested an evidentiary hearing to present exculpatory evidence, which, if found to be credible, may have warranted a new trial under the Oklahoma Post-Conviction Relief Act. *See* Pet'r's Postconviction Appl. at 5-6. Denial of that request—whether conceptualized as a denial of an evidentiary hearing or a denial of a potential new/fair trial—is not a basis for federal habeas relief. *See Ray v. McCollum*, 727 F. App'x 517, 523-24 (10th Cir. 2018) ("[A] violation of state post-conviction requirements [does] not justify habeas relief."). Even assuming Petitioner is correct and "the Oklahoma court mistakenly construed the statute," "the error is one of state law not cognizable in habeas corpus because 'federal habeas corpus relief does not lie for errors of state law.'" *Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (quoting

---

*v. Netherland,* 518 U.S. 152, 162-63 (1996) (explaining that to satisfy the exhaustion requirement, the petitioner must have raised the federal claim's legal and factual "substance"—i.e., explicit "reference to a specific federal constitutional guarantee, as well as a statement of facts that entitle the petitioner to relief" under the governing federal law).

4

*Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)). Because the error he raises "focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, it states no cognizable federal habeas claim." *Id.*

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). Upon consideration, the Court concludes that the requisite standard is not met in this case. Therefore, a COA is denied.

It is therefore ORDERED that the Petition for Writ of Habeas Corpus (Doc. No. 1) is DENIED. It is further ORDERED that a COA is DENIED. A separate judgment shall be entered.

IT IS SO ORDERED this 20th day of September, 2019.

_____
CHARLES B. GOODWIN
United States District Judge